UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, AND ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>v.<br><br>JONATHAN S. LANDOW, M.D., VIVIANE ETIENNE, M.D., ATLANTIC MEDICAL & DIAGNOSTIC, P.C., BIRCH MEDICAL & DIAGNOSTIC, P.C., EASTERN MEDICAL PRACTICE, P.C., EMPIRE MEDICAL SERVICES, P.C., MACINTOSH MEDICAL, P.C., PARAMOUNT MEDICAL SERVICES, P.C., PREFERRED MEDICAL, P.C., SOVEREIGN MEDICAL SERVICES, P.C., SPRUCE MEDICAL & DIAGNOSTIC, P.C., SUMMIT MEDICAL SERVICES, P.C., URBAN MEDICAL, P.C., ROMAN MATATOV, URIYEL MIRZAKANDOV, AND RUBEN LEVY a/k/a RUBEN LEVIYEV,<br><br>        Defendants. | C.A. No. 1:2024-cv-02010-DLI-JRC |

## PROTECTIVE ORDER

    WHEREAS, the Court has ordered the production of Protected Health Information ("PHI"), as that term is defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and its implementing regulations at 45 C.F.R. Parts 160 and 164, in connection with discovery in this action;

    WHEREAS, such PHI is contained in the PrognoCIS electronic health record system licensed by Defendant healthcare providers from Bizmatics, Inc., a non-party vendor, and must be produced by Bizmatics, Inc. in electronic form within an instance of PrognoCIS separately licensed by Plaintiffs based on a reproduction of Defendants' data as of the date of this Order;

1

WHEREAS, this litigation requires the exchange of PHI relating to medical services rendered from January 1, 2016, to the present, and the Court finds good cause pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to issue a protective order to govern the handling, disclosure, and use of such PHI;

IT IS HEREBY ORDERED:

1. This Protective Order governs the handling of all PHI produced in this litigation, whether produced by Defendants, Bizmatics, Inc., or any other third party, and applies to all parties, their counsel, experts, vendors, consultants, and any other persons or entities who may obtain access to PHI in this matter.

2. "Protected Health Information" or "PHI" shall have the same meaning as set forth in 45 C.F.R. § 160.103 and includes individually identifiable health information, in any form or medium, related to the past, present, or future physical or mental health condition of an individual, the provision of healthcare, or the payment for healthcare.

3. Production of PHI pursuant to this Protective Order is authorized by and consistent with 45 C.F.R. § 164.512(e)(1)(i), permitting disclosure of PHI in response to a court order. No party, attorney, or third party shall disclose PHI outside the terms of this Order.

4. Bizmatics, Inc. shall produce an electronic reproduction of PHI contained in the Defendant's instance of PrognoCIS electronic health record system for the relevant period of January 1, 2016, to present. Such production shall be delivered solely to counsel for Plaintiffs via Plaintiffs own instance of PrognoCIS licensed from Bizmatics, Inc., which is secure and encrypted.

5. All PHI produced under this Order shall be used solely for purposes of this litigation, including preparation for trial, settlement, and any appeals, and shall not be used for any business, competitive, personal, or other purpose.

6. Access to PHI shall be strictly limited to:

    a. Counsel of record in this action, including attorneys, paralegals, and necessary staff;
    b. The Court and its personnel;
    c. Experts and consultants retained in connection with this action, provided they first execute the Acknowledgment attached hereto as *Exhibit A*;
    d. Court reporters, videographers, and litigation support vendors engaged for purposes of this action;
    e. Witnesses in depositions, hearings, or trial, as reasonably necessary, provided PHI is not retained by such witnesses outside of these proceedings.

7. All PHI shall be stored and maintained in a manner consistent with HIPAA's privacy and security requirements, specifically:

    a. Electronic PHI must be stored on encrypted devices or secure litigation platforms with access controls;
    b. Paper copies must be maintained in locked, secure storage;
    c. Transmission of PHI shall be by secure, encrypted means only.

8. Any filing containing PHI must be made under seal in compliance with Local Civil Rule 5.3 and the Court's individual practices. A redacted version suitable for the public docket shall be filed contemporaneously whenever practicable.

9. Within ninety (90) days of the conclusion of this litigation, including any appeals, all PHI produced under this Order, and all copies thereof, shall be either returned to the producing party or securely destroyed. Counsel shall certify compliance with this provision in writing to all producing parties.

10. Nothing in this Order shall be deemed a waiver of any timely objection to discovery, claim of privilege, or right to contest the admissibility of PHI or other evidence.

11. Any violation of this Protective Order may be punished by contempt of court, monetary sanctions, or other remedies the Court deems just and proper.

12. The Court shall retain jurisdiction to enforce the terms of this Protective Order following the termination of the litigation.

Brooklyn, New York

Dated: Oct. 31, 2025

SO ORDERED.

*James R. Cho*

Honorable James R. Cho
United States Magistrate Judge
Eastern District of New York